UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

TRACEY DESROCHERS,
    Plaintiff

v.

DENNIS E. PIENDAK, Town Manager,
and LEO GAUDETTE, Fire Chief for
the TOWN OF DRACUT, on behalf
of the TOWN OF DRACUT,
    Defendants

C.A. No. 04-10806 RWZ

## ANSWER OF DEFENDANTS, DENNIS E. PIENDAK, LEO GAUDETTE, AND TOWN OF DRACUT, TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

### FIRST DEFENSE

The Complaint does not state a claim for which relief can be granted.

### SECOND DEFENSE

The Complaint does not state a claim for which relief can be granted in that the defendants are not obligated to pay the plaintiff any amount of loss or damage alleged.

### THIRD DEFENSE

The defendants respond to the allegations of the Complaint, paragraph by paragraph, as follows:

### GENERAL INFORMATION APPLICABLE TO ALL PARTIES AND CLAIMS

1.    Defendants are without knowledge as to the allegations concerning plaintiff's residence. Further responding, defendants admit the allegations contained in Paragraph 1 of the Complaint to the extent it alleges plaintiff commenced training as a volunteer call firefighter on September 12, 2001. The defendants deny each and every other allegation in Paragraph 1 of the Complaint.

2.    Defendants admit to the allegations in Paragraph 2 of the Complaint.

3.    Defendants admit to the allegations in Paragraph 3 of the Complaint to the extent it alleges

that Chief Gaudette offered plaintiff a position contingent upon completing a physical exam, with a starting date of January 20, 2003, which offer was later conveyed in writing. The defendants deny each and every other allegation in Paragraph 3 of the Complaint.

4. Defendants admit to the allegations in Paragraph 4 of the Complaint to the extent it alleges a letter purporting to comply with Chapter 258 was received by the Town of Dracut. Defendants deny each and every allegation in Paragraph 4 of the Complaint.

## COUNT I - BREACH OF CONTRACT

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants admit to the allegations in Paragraph 6 of the Complaint to the extent it alleges defendants required plaintiff to complete a physical exam as a pre-requisite to employment. Further responding, defendants are without knowledge as to the nature and extent of plaintiff's alleged illness and therefore call upon plaintiff to prove same. Defendants deny each and every other allegation in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit to the allegations in Paragraph 8 of the Complaint to the extent it alleges the Town froze approximately nine vacant positions throughout the Town, including one of the firefighter vacancies, due to State budget cuts later designated as "Emergency 9C Reductions." Defendants deny each and every other allegation in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

## COUNT II - EMPLOYMENT DISCRIMINATION
## (VIOLATIONS OF CHAPTER 151B, TITLE VII, AND VIOLATIONS
## OF THE BILL OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION)

Defendants repeat, reallege, and incorporate by reference each of the answers contained in Paragraphs 1 through 10 above.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15.   Denied.

## FOURTH DEFENSE

If the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and are not legally responsible.

## FIFTH DEFENSE

The plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SIXTH DEFENSE

The defendants' conduct was in compliance with, and is protected by the laws of the Commonwealth of Massachusetts and/or the laws of the United States.

## SEVENTH DEFENSE

The defendants were justified in their actions and conduct and therefore are not liable to the plaintiff.

## EIGHTH DEFENSE

The plaintiff's recovery is barred by her failure to mitigate damages.

## NINTH DEFENSE

The defendants acted reasonably, within the scope of their official discretion and in a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known as to all matters alleged in the complaint which bear on a question of State or Federal law.

## TENTH DEFENSE

The defendants' acts and conduct were privileged by virtue of defendants acting reasonably and in good faith within the scope of their authority and therefore plaintiff cannot recover.

## ELEVENTH DEFENSE

The plaintiff by her actions and/or conduct is estopped to be granted any relief in this action and/or has waived any and all rights she may have had against the defendants.

## TWELVE DEFENSE

The plaintiff's claims must fail due to her failure to timely exhaust her administrative remedies.

## THIRTEENTH DEFENSE

The plaintiff cannot recover under Mass. Gen. L. Ch. 151B because there was no employment relationship nor unlawful practices prohibited by the statute.

## FOURTEENTH DEFENSE

The individual defendants are immune from liability for alleged negligence under the provisions of the Massachusetts Tort Claims Act, Mass. Gen. L. ch. 258.

## FIFTEENTH DEFENSE

The plaintiff was not deprived of any rights secured by either the State or U.S. Constitution and/or the laws of the Commonwealth of the United States.

## SIXTEENTH DEFENSE

No act or omission by the defendants was a proximate cause of damages, if any, sustained by the plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff may not recover under breach of contract theory where the statutory requirements for municipal contract were not met.

## EIGHTEENTH DEFENSE

Plaintiff may not recover against a municipality under implied contract theory.

## NINETEENTH DEFENSE

Plaintiff may not recover under a breach of contract theory where there was no consideration.

## TWENTIETH DEFENSE

There was no privity of contract between plaintiff and defendants.

### TWENTY-FIRST DEFENSE

The plaintiff's claims against the defendants are barred by M.G.L. c. 258, §4 because they failed to make proper presentment.

### TWENTY-SECOND DEFENSE

The defendants' conduct and actions were reasonable and, therefore, the plaintiff cannot recover.

### TWENTY-THIRD DEFENSE

The defendants were privileged in their conduct and actions and are, therefore, not liable to the plaintiff.

### JURY DEMAND

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
The Defendants,
DENNIS E. PIENDAK, Town Manager and
LEO GAUDETTE, Fire Chief for the Town of
Dracut, on behalf of the TOWN OF DRACUT,
By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

_____
John J. Cloherty III, BBO#566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand.

4/29/04
Date