# PIERCE, DAVIS & PERRITANO, LLP
### COUNSELLORS AT LAW

Joel F. Pierce
John J. Davis*
Judith A. Perritano
John J. Cloherty III*

Of counsel:
Gerald Fabiano

TEN WINTHROP SQUARE
BOSTON, MA 02110-1257

TELEPHONE (617) 350-0950
FACSIMILE (617) 350-7760

Brian D. Carlson †
Sean T. Delaney
James M. Dunn♦
Meredith P. Freed
David C. Hunter †
Danielle T. Jenkins*
Maureen L. Pomeroy
Daniel G. Skrip♦

*also admitted in RI
♦also admitted in PA
†also admitted in NY

June 30, 2004

Clerk of Court
United States District Court
One Courthouse Way
Boston, MA 02210

RE:  Tracey Desrochers v. Town of Dracut
     United States District Court C.A. No. 04-10806 RWZ
     Our File No.: 164-0401931

Dear Sir/Madam:

Enclosed please find the **corrected copy** of the attested copies of the records, proceedings and docket entries recorded by the Middlesex (Lowell) Superior Court in connection with the above-referenced matter prior to the removal of the case to this Court.

Thank you for your attention to this matter.

Very truly yours,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III

JJC/mj
Enclosures

cc:  David T. Fulmer, Esq. (w/o Enc.)

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

```
FILED
CLERKS OFFICE

2004 JUL -1  P 11: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.
```

I, **Michael Brennan, Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. **MICV2004-01307** entered in the Superior Court on **03/31/2004.**

**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court, at said Lowell this 28th day of June, in the year of our Lord 2004



Asst Clerk Magistrate

cvdremlett.wpd 2554154 removus houle



UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

TRACEY DESROCHERS, )
    Plaintiff )
 ) 04-10806RWZ
v. )
 ) C.A. No. _____
DENNIS E. PIENDAK, Town Manager, )
and LEO GAUDETTE, Fire Chief for )
the TOWN OF DRACUT, on behalf )
of the TOWN OF DRACUT, )
    Defendants )
_____ )

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1441(a)

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

    Petitioners, Dennis Piendak, Leo Gaudette, and the Town of Dracut, respectfully petition this Court for removal of the above-entitled action to the United States District Court for the District of Massachusetts, Civil Section, from the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, and for their Notice of Removal state as follows:

1.   Dennis Piendak, Leo Gaudette, and the Town of Dracut, are named as defendants by the plaintiff, Tracey Desrochers, in a civil action filed in the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, entitled <u>Tracey Desrochers v. Dennis E. Piendak, Town Manager and Leo Gaudette, Fire Chief for the Town of Dracut, on behalf of the Town of Dracut</u>, Civil Action No. 04-13073L. On April 2, 2004, the defendant, the Town of Dracut, was served with a Summons and a copy of plaintiff's original Complaint. See Summons attached hereto as Exhibit "A." The defendant has not yet answered the original Complaint, nor has an

appearance been filed on Defendants' behalf.

2. This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in Middlesex County, Massachusetts, and, accordingly, under 28 U.S.C. §§101 & 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

3. This is an action in which the plaintiff alleges, among other things, that the defendants, Town of Dracut, Town Manager Dennis Piendak, and Fire Chief Leo Gaudette, discriminated against plaintiff in violation of Title VII and the U.S. Constitution.

4. Because this case involves federal constitutional issues and claims for relief under federal law, the District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

5. The defendants are filing this Notice within thirty days of service of the Summons and original Complaint upon the Town of Dracut, within thirty days of the date this case became removable, and within the time for filing this petition. See 28 U.S.C. §1446.

6. The defendants will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

7. Pursuant to Local Rule 81.1(a), the petitioners shall request of the Clerk of the Superior Court of Massachusetts, County of Middlesex, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty days after

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT DEPARTMENT
                                                  C.A. NO. 04-1307

TRACEY DESROCHERS,                          )
                            Plaintiff       )
                                            )
        vs.                                 )
                                            )
DENNIS E. PIENDAK, Town Manager             )   **VERIFIED COMPLAINT**
And LEO GAUDETTE, Fire Chief                )
For THE TOWN OF DRACUT, on behalf           )
Of THE TOWN OF DRACUT,                      )
                            Defendants      )
                                            )



FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE CO... ...SEX MAR 3 1 2004 CLERK

03/31/04 13:41#0000 5289 CLERK A
CIVIL       240.0
SURCHARGE    15.0
SECC         20.0
SUMMONS       5.0
041307 #
SUBTTL      280.0
TOTAL    280.00
CHECK       280.0

**GENERAL INFORMATION APPLICABLE TO ALL PARTIES AND CLAIMS**

1. The Plaintiff, Tracey Desrochers, is a natural person who, at all times material hereto, resided at 53 Brissette Street, Dracut, County of Middlesex, Commonwealth of Massachusetts. This Plaintiff commenced training with the Town of Dracut's Fire Department seeking a position as a Firefighter on or about September 12, 2001, and completed all prerequisites for consideration by the Dracut Fire Department as a Firefighter on or before December 18, 2002;

2. The Defendant Town of Dracut, by its Town Manager Dennis E. Piendak, and by its Fire Chief, Leo Gaudette, is a municipal corporation organized and existing under the Laws of the Commonwealth of Massachusetts with its principal place of business at 62 Arlington Street, Dracut, Massachusetts, and 488 Pleasant Street, Dracut, Massachusetts, the prior address being the address of the Town Manager and municipal offices, and the latter being the address of the Department of Public Safety and the Fire Department for the Town;

3. On or about December 27, 2002, the Plaintiff was informed that she had been selected to fill one of three vacancies in the Fire Department and received formal notification, in writing, from the Town Manager on January 2, 2003;

4. On or about January 21, 2003, Plaintiff caused notice of her claims, as enumerated herein, to be served upon Defendant through its Town Manager Piendak and its Fire Chief, Gaudette, in addition to complying with the statute in serving the Town Clerk, in accordance with the provisions of M.G.L. Chapter 258 sec. 1 et. seq. Defendants, despite notice, have failed to accommodate Plaintiff hereunder.

## COUNT I – BREACH OF CONTRACT

5. On or about December 27, 2002, as ratified by written notification from the Chief of the Fire Department of Dracut, the Plaintiff entered into a Contract for employment with the Town of Dracut as a Firefighter;

6. On or about January 8, 2003, the Fire Department and the Town, by its Chief, requested that the Plaintiff undergo a physical for purposes of her qualification and at or about that same date, the Plaintiff took ill and required emergency surgery for a chronic acute appendicitis, was hospitalized and disabled for a period of some sixty (60) days, during which time, and specifically on January 16, 2003, the Plaintiff was informed that the position promised and the job promised to her was not being filled;

7. Plaintiff learned thereafter that on January 9th a male applicant was instructed to report for his physical to be activated as a Firefighter. Plaintiff was further informed, on information and belief, that this male applicant was instructed not to disclose the circumstances of his hiring;

8. Thereafter, the Town of Dracut revoked their position of hiring, utilizing as justification that budget concerns was the reason for not filling Plaintiff's position as a Firefighter;

9. As a result of the contrivances of the Town Manager and the Chief of the Fire Department for the Town of Dracut, the Plaintiff was deprived of her opportunity to become a Firefighter, and as a result of the conduct of the Chief of the Fire Department in hiring a male applicant when, in fact, the Plaintiff had already been selected to commence with her employment, the Town of Dracut, by its Fire Chief and its Town Manager, breached its Contract of employment of and with the Plaintiff;

10. As a result of the failure to honor its contractual obligation, the Plaintiff was damaged in that she lost the benefit of her employment and her employment Contract, was greatly injured in her feelings and suffered great distress of mind, and has been greatly injured I her good name and in her good calling, and has been otherwise damaged.

## COUNT II- EMPLOYMENT DISCRIMINATION (VIOLATIONS OF CHAPTER 151B, TITLE VII, AND VIOLATIONS OF THE BILL OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION)

Plaintiff repeats, realleges, and incorporates by reference each of the allegations contained in paragraphs 1 through 10 above, and in addition thereto states the following:

11. Although the Plaintiff had been promised the position of Firefighter, and had detrimentally changed her position in reliance thereof, the Fire Chief, in conjunction with the Town Manager, manufactured excuses why she should

not be hired, further implemented those frivolous excuses in order to deny her, her entitlement as a Firefighter for the Town of Dracut, and thereafter circumvented their obligation to provide her gainful employment as a Firefighter and thereafter required that a male applicant report for his physical to be activated as a Firefighter in her stead;

12. In addition to the foregoing, the Plaintiff learned that in the past hiring situations, male applicants had been provided with accommodations thereby extending the effective hiring date for them in order for them to be well prior to the taking of the examination and prior to their being activated as Firefighters;

13. The Plaintiff had no control over the acute appendicitis or her need for an emergency appendectomy on the date in which she was to report for her physical for activation as a Firefighter, and had no control over the ensuing sixty (60) day convalescence period that was required medically in order for her to fully recover from the surgical procedure;

14. The failure of the Fire Chief and the Town Manager acting on behalf of the Town of Dracut and the Town of Dracut Fire Department to make available this accommodation by way of extension of time for the Plaintiff to report and successfully complete her physical was an overt act of sexual discrimination against the Plaintiff, as she was otherwise fit, qualified, and able and ready to assume her position as a Firefighter for the Town of Dracut, but for the failure of the Town to offer her similar accommodations to those which had been offered to and utilized by male applicants in the past;

15. As a result of the failure of the Town of Dracut and the Town of Dracut Fire Department to honor its obligation to hire the Plaintiff, a female applicant, as a Firefighter, when all qualifications were in tact, is discriminatory, and its failure to offer the Plaintiff necessary accommodations by virtue of the emergency medical condition presented to her on or about January 8th of 2003, the Town, by its Town Manager and its Fire Chief, has committed a further act of discrimination against the Plaintiff, a female applicant, all in violation of M.G.L. Chapter 151B and Title VII, and in violation of the U.S. Constitution and the Massachusetts Bill of Rights. As a result thereof, the Plaintiff has sustained further damages by virtue of the Town's invidious discrimination against her, and the Plaintiff has suffered great distress of mind, has been publicly humiliated, and has suffered further damages by virtue of the continuing refusal of the Town to offer her admission and grant her, her entitlement as a Firefighter for the Town of Dracut, and as a result thereof she has sustained further damages.

WHEREFORE, Plaintiff demands:

1. Judgment as against the Town of Dracut in an amount equal to all lost wages and benefits with the term of the Plaintiff's prospective employment and

-4-

together with other incidental and consequential damages resulting from the failure of the Defendants to honor their employment Contract;

2. Judgment as against the Defendants on Count II in an amount to be determined by this Honorable Court, together with costs and reasonable Attorney's fees; and

3. For such further relief as this Honorable Court deems meet and just.

I, Tracey Desrochers, do hereby certify that I have read each of the respective documents in the above Verified Complaint and I hereby certify, under the pains and penalties of perjury, that each of the statements contained in this Verified Complaint are true and accurate to the best of my knowledge.

_____
TRACEY DESROCHERS

Respectfully submitted,
TRACEY DESROCHERS
By her Attorney,

_____
DAVID T. FULMER, ESQ.
576 MAIN STREET
WINCHESTER, MA 01890
B.B.O. #181330
TELEPHONE: (781) 721-2111
             (617) 549-6970

DATED: MARCH 22, 2004

MIDDLESEX, ss.   Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
In testimony that the foregoing is a true copy on file and of record made by photographic process. I hereunto set my hand and affix the seal of said Superior Court this 28 day of June, 2004
_____
Deputy   Assistant Clerk