UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

|   |   |
|---|---|
| TRACEY DESROCHERS,<br>   Plaintiff<br><br>v.<br><br>DENNIS E. PIENDAK, Town Manager,<br>and LEO GAUDETTE, Fire Chief for<br>the TOWN OF DRACUT, on behalf<br>of the TOWN OF DRACUT,<br>   Defendants | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04-10806 RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF'S AUTOMATIC REQUIRED DISCLOSURES

In support of Defendants' Motion to Compel Plaintiff's Automatic Required Disclosures, the defendants state as follows:

1. The Initial Scheduling Conference was held on June 17, 2004, before Judge Rya Zobel.

2. The plaintiff's Automatic Disclosures were due 7 days prior to the scheduling conference. See Fed. R. Civ. P. 26(1) (stating disclosures due within 14 days after the Rule 26(f) attorney conference, which is to be held 21 days before the Court's Initial Scheduling Conference).

3. The plaintiff has yet to serve her Rule 26 Disclosures to defendants' attorney.

4. To the extent plaintiff is claiming personal injuries, she is required to disclose medical information within 14 days of the defendants filing their Answer to the Complaint, which was done on April 28, 2004. See L. R. 35.1

5. To date the plaintiff has yet to serve her Local Rule 35.1 Disclosure of Medical Information.

6. The Local Rules further require that "the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference." See L.R. 16.1(C).

7. To date the plaintiff has yet to serve a written settlement proposal under Local Rule 16.1(C).

8. Pursuant to Local Rule 37.1 defendants state as follows:

  (1) A discovery conference was not held because plaintiff's counsel failed to respond to a written request for such conference. See Atty. Cloherty ltr to Atty. Fulmer dtd 6/30/04 (attached hereto as Exhibit A).

  (2) The discovery conference was not held; the parties have not reached an agreement; the Court must decide upon the disputed issue of plaintiff providing the Required Disclosures discussed above.

  (3) This case alleges employment discrimination and the facts relevant to the discovery dispute are set forth above.

  (4) The Court must decide whether to order the plaintiff to comply with the Required Disclosures under Rule 26, Local Rule 35.1 and the settlement proposal pursuant to Local Rule 16.1(C).

  (5) The defendants' position is that plaintiff must provide the above mentioned Automatic Disclosures pursuant to the applicable Federal and Local Rules.

WHEREFORE, the defendants respectfully request that this Court order plaintiff to provide the Automatic Required Disclosures and Settlement Proposal within seven (7) days of this Court's decision, and award the defendants the reasonable attorneys' fees and costs of brining this motion,

pursuant to Fed. R. Civ. P. 37.

        Respectfully Submitted,

        The Defendants,
        DENNIS E. PIENDAK, Town Manager and LEO
        GAUDETTE, Fire Chief for the Town of Dracut,
        on behalf of the TOWN OF DRACUT
        By their Attorneys,

        **PIERCE, DAVIS & PERRITANO, LLP**

        _____
        John J. Cloherty III, BBO # 566522
        Ten Winthrop Square
        Boston, MA  02110
        (617) 350-0950

### Certification of Compliance with Rule 37(a)(2)

    The moving party hereby certifies that counsel has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure the information or material without Court action.

_____
John J. Cloherty III
BBO # 566522

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand.

7/16/04
Date