UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

|   |   |
|---|---|
| TRACEY DESROCHERS,<br>       Plaintiff<br><br>v.<br><br>DENNIS E. PIENDAK, Town Manager,<br>and LEO GAUDETTE, Fire Chief for<br>the TOWN OF DRACUT, on behalf<br>of the TOWN OF DRACUT,<br>       Defendants | C.A. No. 04-10806 RWZ |

**DEFENDANT TOWN OF DRACUT'S MOTION TO COMPEL
DISCOVERY RESPONSES TO INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFF**

Now comes the Defendant Town of Dracut, and hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 37(d) for an order compelling the Plaintiff to answer interrogatories and respond to requests for production of documents within twenty (20) days from the granting of this motion. In further support of their motion, the Defendant states:

1) On August 13, 2004, the Defendant Town of Dracut served, pursuant to Rule 34, a Request for Production of Documents upon the Plaintiff, a copy of which is attached hereto as **Exhibit A**.

2) The thirty-day period permitted by Rule 34 has expired, and the Plaintiff failed to file a written response or to produce the documents requested.

3) The documents described in said Request are properly subject to discovery within the scope of Rules 26(b) and 34, and are described with reasonable particularity.

4) On August 13, 2004, the Defendant Town of Dracut served, pursuant to Rule 33, Interrogatories upon the Plaintiff, a copy of which is attached hereto as **Exhibit B**.

5) The thirty-day period permitted by Rule 33 has expired, and the Plaintiff failed to file written answers or otherwise respond to the interrogatories.

6) The information sought by the interrogatories is properly subject to discovery within the scope of Rules 26(b) and 33.

7) The undersigned counsel for Defendant Town of Dracut hereby certifies that an attempt has been made to confer with the party from whom discovery is sought to obtain the responses

and answers without Court order. See Attorney Cloherty letter to David T. Fulmer, dated September 17, 2004 (attached hereto as **Exhibit C**).

WHEREFORE, the Defendant Town of Dracut requests an order compelling the Plaintiff to answer interrogatories and respond to requests for production of documents within twenty (20) days of the granting of this motion.

Respectfully Submitted,

The Defendant,
TOWN OF DRACUT
By its Attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Cloherty III, BBO # 566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

### Certification of Compliance with Rule 37.1

The moving party hereby certifies that counsel has in good faith attempted to confer with the party failing to make discovery in an effort to secure the information or material without Court action.

_____
John J. Cloherty III
BBO # 566522

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant; by mail/by hand.

_____
Date

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| TRACEY DESROCHERS,<br>      Plaintiff<br><br>v.<br><br>DENNIS E. PIENDAK, Town Manager,<br>and LEO GAUDETTE, Fire Chief for<br>the TOWN OF DRACUT, on behalf<br>of the TOWN OF DRACUT,<br>      Defendants | C.A. No. 04-10806 RWZ |

## DEFENDANT TOWN OF DRACUT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF TRACEY DESROCHERS

The Defendant the TOWN OF DRACUT (the "Defendant"), hereby requests that the Plaintiff, TRACEY DESROCHERS produce for inspection and copying all documents and things described hereafter in her possession, custody, or control, wherever located, at the offices of Pierce, Davis & Perritano, LLP, 10 Winthrop Square, Boston, Massachusetts, within 30 days hereof.

### DEFINITIONS

For purposes of these Requests, the following terms shall have the meanings set forth below:

1.     "Desrochers" refers to the Plaintiff, TRACEY DESROCHERS, all of her agents, attorneys and representatives, and any other persons or entities acting or purporting to act on her behalf.

2.      "Complaint" refers to the Verified Complaint filed by Desrochers with the Superior Court, Middlesex County, in this matter.

## INSTRUCTIONS

1.      If any document requested herein is withheld under a claim of privilege or on any other basis, Desrochers is requested to furnish a log or list with the following information sufficient to test the claim of privilege or other asserted basis for non-production:

> (a) the type of the document (e.g., letter, memorandum, diskette, etc.);
>
> (b) the date of the document;
>
> (c) the title of the document;
>
> (d) the author(s) of the document;
>
> (e) the intended and actual recipient(s) of the document;
>
> (f) the general subject matter of the document; and
>
> (g) the factual and/or legal basis(es) for Desrochers' claim of privilege or other ground(s) for non-production asserted with respect to the document.

2.      If any document called for by these Requests was at any time, but is not presently, in Desrochers' possession, custody or control, Desrochers is requested to identify each such document and to state, to the extent known, with respect to each such document:

> (a) the type of the document;
>
> (b) the date of the document;
>
> (c) the title of the document;
>
> (d) the author(s) of the document;
>
> (e) the intended and actual recipient(s) of the document;

(f) the general subject matter of the document; and

(g) the present location and custodian of the document.

## DOCUMENT REQUESTS

1.     All Documents you believe may have been prepared by the answering defendant(s) concerning the incidents alleged in the complaint, or which you intend to use for any purpose in this litigation, including any statement made by any person you believe may have given an oral or written statement about the incidents alleged in the complaint, or any defendant's responsibility therefore, and any note, memorandum or recording of any oral statement.

2.     All copies of any transcript of testimony given by you or on your behalf concerning the incidents alleged in the complaint.

3.     With respect to any earnings (or profits) claimed to have been lost as a result of the injuries (or damages) alleged in the complaint, please furnish a copy of each state and each federal income tax return, including W-2 statements, together with attachments, filed by, or on behalf of, plaintiff for 1999 to the present.

4.     All copies of each medical provider's report referring to any physical, psychiatric or psychological examination of the plaintiff conducted after the incidents alleged in the complaint, or any treatment reasonably related thereto, including (a) all communications between Desrochers and such medical providers, and (b) any documents setting forth any statements by any medical providers consulted by Desrochers as to when or under what circumstances Desrochers might be able to return to work following the diagnosis and treatments and surgery for appendicitis.

5. All copies of each medical provider's report referring to any physical, psychiatric or psychological examination of plaintiff conducted before the incidents alleged in the Complaint and reasonably related thereto, including (a) all communications between Desrochers and such medical providers, and (b) any documents setting forth any statements by any medical providers consulted by Desrochers as to when or under what circumstances Desrochers might be able to return to work following the diagnosis and treatments and surgery for appendicitis.

6. Duly executed, and compliant with the Health Insurance Portability and Accountability Act (HIPAA), authorizations permitting the Defense Counsel to examine and copy each record referring to any physical, psychiatric or psychological treatment of plaintiff for the injuries alleged in the complaint, or any treatment reasonably related thereto, including (a) all communications between Desrochers and such medical providers; (b) any documents setting forth any statements by any medical providers consulted by Desrochers as to when or under what circumstances Desrochers might be able to return to work following the diagnosis and treatments and surgery for appendicitis, and (c) any documents referring to any treatment, diagnosis and surgery of the plaintiff for appendicitis.

7. All copies of each medical provider's report referring to Plaintiff's diagnosis and treatment of appendicitis, including (a) all communications between Desrochers and such medical providers, and (b) any documents setting forth any statements by any medical providers consulted by Desrochers as to when or under what circumstances Desrochers might be able to return to work following the diagnosis and treatments and surgery for appendicitis..

8. All written statements or affidavits (whether signed or unsigned) by any persons referring to any of the events alleged in Desrochers' Complaint.

9. All documents supporting or forming any part of the basis for Desrochers' damage claims in this proceeding.

10. All documents constituting or otherwise relating to any communications between Desrochers and any employee or other representative of the Defendants concerning any of the events alleged in Desrochers' Complaint.

11. All documents that Desrochers provided to or received from the Defendants and/or any employee or other representative thereof, concerning the incidents alleged in the complaint, at any time during her involvement and/or employment and/or employment application with the Defendants

12. All diaries, notes, notebooks, appointment calendars, journals, memoranda, logs, computer files, electronic files, electronic mail or other written and/or kept by Desrochers that refer to any of the events alleged in her Complaint.

13. All documents relating to any feedback, whether formal or informal, given to Desrochers at any time by any of her supervisors regarding her job performance during her status as a Call Firefighter.

14. All documents relating to any feedback, whether formal or informal, given to Desrochers at any time by any of her supervisors regarding her employment application for a position as a Firefighter.

15. All documents referring to any arrangement that Desrochers allegedly requested from or was offered by the Defendants at any time in order to accommodate any disability or other physical condition experienced by Desrochers.

16. All documents referring to the offer and acceptance of Desrochers' employment application.

17. All documents referring to the alleged notification to Desrochers that the third firefighter spot would be offered to someone else.

18. All documents referring to the notification to Desrochers that there hiring freeze due to the budget and that the third firefighter spot would not be filled.

29. All documents constituting or otherwise relating to any communications between any medical provider consulted by Desrochers and any employee or other representative of the Defendants

20. All documents submitted to the Massachusetts Commission Against Discrimination ("MCAD").

21. All contracts entered into with the Defendants for employment as a Call Firefighter and as a Firefighter, including but not limited to with the Defendants.

22. All application materials submitted by Desrochers to the Defendants for employment as a Call Firefighter and as a Firefighter.

23. All transcripts, certifications, awards, regarding any and all training performed by, or qualifications of, Desrochers regarding Firefighting.

24. All records of all physical tests performed by Desrochers concerning her application to become a firefighter, including but not limited to physical tests performed by Desrochers after the appendicitis surgery, taken of her own volition.

25. All documents and records concerning, supporting, or refuting the allegation in Paragraph 12 of the complaint that "the plaintiff learned that in the past hiring situations, male

applicants had been provided with accommodations thereby extending the effective hiring date for them in order for them to be well prior to taking the examination and prior to their being activated as Firefighters."

The Defendant,
TOWN OF DRACUT,
By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Cloherty III, BBO #566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: August 13, 2004

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 8-13-04.

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| TRACEY DESROCHERS,<br>　　　　Plaintiff<br><br>v.<br><br>DENNIS E. PIENDAK, Town Manager,<br>and LEO GAUDETTE, Fire Chief for<br>the TOWN OF DRACUT, on behalf<br>of the TOWN OF DRACUT,<br>　　　　Defendants | C.A. No. 04-10806 RWZ |

## DEFENDANT TOWN OF DRACUT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TRACEY DESROCHERS

The Defendant TOWN OF DRACUT, hereby requests that the plaintiff, TRACEY DESROCHERS produce for inspection and copying all documents and things described hereafter in her possession, custody, or control, wherever located, at the offices of Pierce, Davis & Perritano, LLP, 10 Winthrop Square, Boston, Massachusetts, within 30 days hereof.

### DEFINITIONS

For purposes of these interrogatories, the following terms shall have the meanings set forth below:

For purposes of these Requests, the following terms shall have the meanings set forth below:

1.　"Desrochers" refers to the plaintiff, TRACEY DESROCHERS, all of her agents, attorneys and representatives, and any other persons or entities acting or purporting to act on her behalf.

2. "Complaint" refers to the Verified Complaint filed by Desrochers with the Superior Court, Middlesex County, in this matter.

## INSTRUCTIONS

1. In answering these interrogatories, Desrochers is to furnish all information available to her, including any information in the possession of her present or former attorneys (or investigators for any such attorneys), and not merely information within her personal knowledge.

2. If Desrochers cannot answer any of these interrogatories in full after exercising due diligence to attempt to secure the information necessary to do so, she is to so state and answer the interrogatory to the fullest extent possible, specifying and explaining her inability to answer the remainder and providing whatever information or knowledge she has concerning the unanswered portion.

## INTERROGATORIES

1. Identify, by name, business address and telephone number, each person whom Desrochers believes to have knowledge of any of the events alleged in this Complaint, and set forth the specific knowledge that each such person is believed to have.

2. Identify (a) each person (other than Desrochers' attorneys) with whom Desrochers has discussed any of the incidents alleged in her Complaint; (b) the date, place and means (*e.g.*, telephone, face-to-face conversation, e-mail) of each such discussion; (c) the substance of each such discussion; and (d) any other persons who were present during each such discussion.

3. Set forth in full detail all Desrochers' injures, ailments, pains or damages she claims to have suffered as a result of the incidents alleged in the complaint, including the nature

and extent for how long it has lasted and a computation of the damages she is seeking through this Complaint, including all data, assumptions and hypotheses on which such computation is based.

4. If Desrochers alleges that she had a physical handicap at any time during her employment/employment application with the Defendants, identify (a) the specific condition(s) that allegedly rendered her handicapped; (b) the point in time at which each such handicap allegedly commenced and, if applicable, ended; (c) the specific limitations, whether work-related or otherwise, that Desrochers allegedly experienced as a result of each such handicap; and (d) if Desrochers claims to have sought accommodation by the Defendants of any such handicap, the nature of the accommodation that she allegedly requested, the date and means by which she claims to have made each such request and the manner in which the Defendants responded to each such request.

5. Identify each communication that Desrochers had with any employee or any other representative of the Defendants regarding any physical handicap that she claims to have experienced during her employment with the Defendants, including (a) the substance of each such communication, (b) the date, place and means (*e.g.*, telephone, face-to-face conversation, e-mail) of each such communication, and (c) any other persons who were present during each such communication.

6. Identify, by employer, position and compensation, any subsequent employment, including self-employment, that Desrochers has held since the alleged termination of her employment as a firefighter with the Defendants.

7. Identify any unsuccessful efforts that Desrochers has made to obtain other employment since the termination of her employment with the Defendants, including (a) the identity of the potential employer, (b) the nature of the position sought by Desrochers, and (c) all actions taken by Desrochers in an effort to obtain the position (*e.g.*, application letter, interview, etc.).

8. Identify each person whom Desrochers expects to call as a fact witness at the trial in this case, and with respect to each such witness, state (a) the witness' name and home and business addresses and telephone numbers, (b) the witness' business or occupation and job title, and (c) the substance of the testimony that the witness is expected to provide.

9. Identify each person whom Desrochers expects to call as an expert witness at a public hearing or trial in this case, and with respect to each such expert witness, state:

   (a) the expert's name and home and business addresses and telephone numbers;
   (b) the expert's business or occupation;
   (c) the expert's title or position and the name and address of the entity by which he or she is employed, or through which the expert otherwise carries on his or his business or occupation;
   (d) the substance of the opinions to which the expert is expected to testify; and
   (e) a summary of the grounds for each of the expert's expected opinions.

10. Set forth in full detail the sum and substance of any unrecorded oral statements you believe you may have made to the Defendants (or employees, or former employee, of the Defendants) concerning the incidents alleged in the complaint, including but not limited to the application for employment, the employment process and the alleged revocation of the offer of employment, of the injures (or damages) alleged in the complaint, or which you intend to use for any purpose in the litigation.

11.     Please state all facts upon which you base your allegation that you were denied a firefighter position due to your gender as alleged in paragraphs 11-15 of the complaint.

12.     Please state all facts upon which you base your allegation of breach of contract as alleged in paragraphs 5-6 of the complaint.

13.     Please state each and every date on which you were examined or treated by any doctor, physician or medical practitioner with respect to any injury, illness (including mental or emotional harm) or disability which you claim to have sustained as a result of the alleged incident, setting forth in detail as to each such date of examination or treatment:

    a. the name and address of each such doctor, physician or medical practitioner;
    b. the nature and extent of the examination or treatment received from each such doctor, physician or medical practitioner;
    c. the diagnosis or prognosis made by each doctor, physician or medical practitioner; and
    d. an itemized list of each charge made to you or any other person or organization for your account by each doctor, physician or medical practitioner.

14. Please describe in full and complete detail all injuries, ailments or pains you claim to have suffered as a result of the incident, stating the parts of your body or mind so affected, the nature, extent and symptoms of such injuries, ailments or pains, and for how long each lasted.

      The Defendant,
      TOWN OF DRACUT,
      By their attorneys,

      PIERCE, DAVIS & PERRITANO, LLP

      _____
      John J. Cloherty III, BBO #566522
      Ten Winthrop Square
      Boston, MA 02110
      (617) 350-0950

Dated:    August 13, 2004

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 8-13-04

# EXHIBIT "C"

# PIERCE, DAVIS & PERRITANO, LLP
### COUNSELLORS AT LAW

Joel F. Pierce
John J. Davis *
Judith A. Perritano
John J. Cloherty III *

Of counsel:
Gerald Fabiano

TEN WINTHROP SQUARE
BOSTON, MA 02110-1257

TELEPHONE (617) 350-0950
FACSIMILE (617) 350-7760

Brian D. Carlson †
James M. Dunn ♦
Meredith P. Freed
David C. Hunter †
Danielle T. Jenkins *
Robert S. Ludlum †●
Maureen L. Pomeroy
Daniel G. Skrip ♦

* also admitted in RI
♦ also admitted in PA
† also admitted in NY
● also admitted in CT

September 17, 2004

David T. Fulmer, Esq.
596 Main Street
Winchester, MA 02111

Re:   Tracey Desrochers v. Town of Dracut, et al
      MCAD Docket No. 03-BEM-01489

Dear Attorney Fulmer:

Please accept this letter as a request that you forward the plaintiff's responses to the defendant Town of Dracut's discovery requests. As you know, the responses to the discovery requests were due 30 days from the date of service. Kindly contact me to discuss these matters, so that we may narrow any issues in this discovery dispute, as required under Local Rule 37.1.

I also again request that you forward the plaintiff's automatic disclosures required by Rule 26. Despite previous requests and our filing of a Motion to Compel, these disclosures have not been received.

I look forward to hearing from you in the near future.

Sincerely,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III

JJC/mm