UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| TRACEY DESROCHERS,<br>   Plaintiff<br><br>v.<br><br>DENNIS E. PIENDAK, Town Manager,<br>and LEO GAUDETTE, Fire Chief for<br>the TOWN OF DRACUT, on behalf<br>of the TOWN OF DRACUT,<br>   Defendants | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04-10806 RWZ<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT PRE-TRIAL MEMORANDUM

  Pursuant to the Order of the Court, Zobel, J., the DEFENDANTS submit the following PROPOSED Joint Pretrial Memorandum:

1.  <u>The names, addresses and telephone numbers of trial counsel</u>;

  <u>Plaintiff:</u>  David T. Fulmer, Esq.
       596 Main Street
       Winchester, MA 02111
       (781) 721-2111

  <u>Defendants:</u> John J. Cloherty III
       **PIERCE, DAVIS & PERRITANO, LLP**
       Ten Winthrop Square
       Boston, MA  02110
       (617) 350-0950

2.  <u>Whether the case is to be tried with or without a jury</u>;

  <u>Plaintiff:</u>

  Plaintiff has reserved the right for a jury trial and accordingly, requests a jury trial.

  <u>Defendants</u>:

  Defendants reserved the right to a jury trial, and hereby request a jury trial.

3.  <u>A concise summary of the positions asserted by the plaintiff, defendant, and other parties, with respect to both liability and damages (including special damages, if any);</u>

    <u>Plaintiff</u>:

    Plaintiff maintains that she was discriminated against by the Town of Dracut and its Town Manager and Fire Chief by virtue of their joint failure to fill her position as a firefighter, and specifically in that they failed to furnish her with the same accommodations (delay in effective date due to illness/accident) as were afforded to male candidates, and compounding this failure by engineering and fabricating budgetary constraints resulting in a prospective freeze on hiring, despite the fact that the position had already been created.

    <u>Defendants</u>:

    The Defendants deny that they discriminated against the Plaintiff, Tracey Desrochers, in any way, including on the basis of her gender or sex. The Plaintiff wrongfully asserts that she was not hired for a position at the Dracut Fire Department because of her gender. The Dracut Fire Department appointed her to the entry level position as Firefighter/Dispatcher contingent upon her successful completion of a physical, which she did not complete by the employment start date of January 20, 2003. Thereafter the Massachusetts budget crisis and its impact on local communities resulted in a hiring freeze at the Town of Dracut, precluding the hiring of Complainant up to the present time. The failure to hire Complainant was in no way based upon her gender. The Plaintiff has not demonstrated any damages caused or proximately caused by Defendants.

4.  <u>The facts established by pleadings or by stipulations or by admissions of counsel;</u>

    The parties have not stipulated to any agreed facts.

    <u>Plaintiff</u>:

    Defendant's statement is accurate, however, it fails to disclose the fact that the position had already been created, the Plaintiff suffered from acute appendicitis and this factor delayed her completion of her physical exam, and created a window of time for the Fire Chief and Town Manager to create and publish their "emergency" fiscal crisis thereby eliminating Plaintiff's activation as promised and with accommodations afforded other male candidates in the past.

    <u>Defendants</u>:

    By way of answering to the Plaintiff's Complaint, Defendants have admitted the following

facts: that plaintiff commenced training as a volunteer call firefighter on September 12, 2001; that the Town of Dracut is a duly organized municipality whose Town Manager is Dennis Piendak and whose Fire Chief is Leo Gaudette; that Chief Gaudette offered plaintiff a position contingent upon completing a physical exam, with a starting date of January 20, 2003, which offer was later conveyed in writing; that a letter purporting to comply with Chapter 258 was received by the Town of Dracut; that defendants required plaintiff to complete a physical exam as a pre-requisite to employment; and that the Town froze approximately nine vacant positions throughout the Town, including one of the firefighter vacancies, due to State budget cuts later designated as "Emergency 9C Reductions."

Upon completion of discovery, Defendants anticipate serving upon Plaintiff a Motion for Summary Judgment containing a statement of undisputed material facts.

5.  Contested issues of fact:

    Plaintiff:

    Plaintiff's position is that her emergency appendectomy was used as a basis for denial of her earlier award of a position as a Dracut firefighter when, in fact, a male applicant who had been involved in an automobile accident had been given an extension of time in order to complete and meet all criteria for activation. Plaintiff maintains that the alleged fiscal crisis employed by both the Chief and the Town Manager was "after the fact" and inapplicable as the position had already been created and presumably budgeted for in the prior fiscal years' public safety budget. Plaintiff asserts further that various individuals similarly situated were instructed specifically not to discuss or otherwise disclose the particulars of their individual situations with reference to their employment as candidates/firefighters.

    Defendants:

    The Defendants deny that they discriminated against the Plaintiff, Tracey Desrochers, in any way, including on the basis of her gender or sex. In addition the Defendants make the following specific denials of factual allegations by Plaintiff: The Defendants deny that Plaintiff had obtained her final certification as an E.M.T. at all times relevant to the Complaint. The Defendants deny the Plaintiff had completed all prerequisites to becoming hired by the Fire Department because Plaintiff had not successfully completed her physical or transmitted proof of such. The Defendants deny that Plaintiff was told by the Fire Chief that the position was not being filled, instead, the Chief reiterated his position that the new hires must begin their employment on or about January 20, 2003 in order to permit the present Firefighter/Dispatchers to attend the Academy training slots. Defendants further state that Chief Gaudette specifically informed firefighter candidate Brady that he was not being offered a position with the Department, instead instructing him to complete the physical

examination in order to be available as an alternate candidate, although candidate Brady was never offered a position on the Department. The Defendants deny that the alternate candidate Brady was instructed not to disclose anything. The Defendants deny they have refused any accommodations to Plaintiff that were afforded to male applicants.

6. <u>Any jurisdictional question</u>;

Plaintiff:

This is a case in which the Plaintiff alleges gender based discrimination in violation of Title VII and the U.S. Constitution. Defendant has removed this case from the Middlesex Superior Court for the aforesaid reasons.

Defendants:

This matter was removed to Federal Court because the plaintiff alleges, among other things, that the defendants discriminated against plaintiff in violation of Title VII and the U.S. Constitution. See Pl.'s Compl. ¶ 15.

7. <u>Issues of law, including evidentiary questions, together with supporting authority</u>;

Plaintiff:

Plaintiff's issues of Law and evidentiary questions are identical to those of the Defendant.

Defendants:

Defendant identifies the following issues of law, and expressly reserves the right to supplement these issues upon receipt of discovery from Plaintiff:
Whether Plaintiff can establish even a <u>prima facie</u> case of gender discrimination? <u>See</u> <u>Morgan v. Massachusetts General Hospital</u>, 712 F. Supp. 242, 251 (D. Mass 1989) (discussing <u>prima facie</u> case)
Whether Plaintiff can show that after the adverse job action, the employer did not impose the same sort of restrictions or adverse job action upon persons similarly situated to the Plaintiff? <u>Morgan v. Massachusetts General Hospital</u>, 712 F. Supp. 242, 251 (D. Mass 1989).
Even assuming <u>arguendo</u> Plaintiff could make a <u>prima facie</u> showing, whether the Defendants can establish the non-discriminatory and non-pre-textual basis for their actions? <u>Wheelock College v. Massachusetts Commission Against Discrimination</u>, 371 Mass. 130 (1976)
Whether, after the employer articulates a legitimate, non-discriminatory business reason for its action, the Plaintiff can meet the burden that shifts back to Plaintiff to prove that the

reasons stated by the employer for the adverse job action was pretextual and not the real reason for undertaking the action? Wheelock College v. Massachusetts Commission Against Discrimination, 371 Mass. 130 (1976)

8. <u>Any requested amendments to the pleadings</u>;

   <u>Plaintiff</u>:

   None.

   <u>Defendants</u>:

   None.

9. <u>Any additional matters to aid in the disposition of the action</u>;

   <u>Plaintiff</u>:

   Plaintiff submits that the climate within the Fire Department is of such a nature that she would be unwilling to deal with the pressures of taking the job at this time, even if the job were offered, and seeks money damages for the time lost ($32,000.00 plus benefits for two (2) years) and transfer of her Civil Service status to some other Town.

   <u>Defendants</u>:

   Discovery is ongoing. Defendants were obligated to file two separate Motions to Compel in order to obtain Plaintiff's Rule 26 disclosures and Plaintiff's responses to Interrogatories and Document Requests. Plaintiff's deposition has been Noticed and rescheduled, and is presently pending.
   Defendants request that the Court <u>not</u> schedule a trial date at this time in order to permit the Defendant to complete discovery and submit a potential Motion for Summary Judgment.

10. <u>The probable length of trial</u>;

    <u>Plaintiff</u>:

    Plaintiff expects the case to last two to three days if the same goes to Trial.

    <u>Defendants</u>:

    Defendants expect the trial of this case to last approximately three days.

11. <u>The names and addresses of witnesses who shall testify at the trial, and the purpose of the testimony of each witness, and the qualifications of any medical or other expert witness;</u>

Plaintiff:

Plaintiff's witnesses are identical to those listed "a" through "j" and Plaintiff reserves the right to call such other witnesses as are required for rebuttal, and dependent upon the nature and character of testimony produced during the Trial and particularly upon cross-examination.

Defendants:

The Defendants reserve the right to call any of the witnesses listed by the Plaintiff in the Pre-Trial Memorandum during the Defendants' case-in-chief, and further expects to present the testimony of:

a. Tracey Desrochers, Plaintiff
b. Dennis E. Piendak, Town Manager, Dracut Town Hall, 62 Arlington Street, Dracut, MA 01826. This witness is expected to testify regarding the initial offer to hire Plaintiff, the subsequent budget constraints resulting from State funding, and the notice to Plaintiff of a hiring freeze.
c. Leo Gaudette, Fire Chief, Dracut Fire Department, 488 Pleasant Street, Dracut, MA 01826. This witness is expected to testify regarding the structure of the fire Department, his evaluations of Plaintiff, the initial offer to hire Plaintiff, the subsequent budget constraints resulting from State funding, and the notice to Plaintiff of a hiring freeze.
d. Richard Patterson, Deputy Fire Chief, Dracut Fire Department, 488 Pleasant Street, Dracut, MA 01826. This witness is expected to testify regarding his evaluations of Plaintiff, and knowledge of the hiring process.
e. Michael Ralls, Deputy Fire Chief, Dracut Fire Department, 488 Pleasant Street, Dracut, MA 01826. This witness is expected to testify regarding his evaluations of Plaintiff, and knowledge of the hiring process.
f. Joseph A. Daily, Dispatcher, Dracut Fire Department, 488 Pleasant Street, Dracut, MA 01826. This witness is expected to testify regarding his candidacy for a firefighter's position.
g. John Arseneaux, Dispatcher, Dracut Fire Department, 488 Pleasant Street, Dracut, MA 01826. This witness is expected to testify regarding his candidacy for a firefighter's position.
h. Call Firefighter Brady, Dracut Fire Department, 488 Pleasant Street, Dracut, MA 01826. This witness is expected to testify regarding his candidacy for a firefighter's position, and role as an alternate candidate.

      i.     Other candidates for Fire Department dispatcher position
      j.     Various Medical Providers for Plaintiff.

12. <u>A list of exhibits, agreed upon exhibits should be marked using one set of numbers, any exhibit not agreed upon should be marked using one set of letters.</u>

    a.    <u>Agreed Upon Exhibits</u>

<u>Plaintiff</u>:

Plaintiff seeks to admit any and all records concerning the personnel file and any and all correspondence to and from the Plaintiff concerning her training, selection as a candidate – firefighter, and all records maintained by the Fire Chief and Town Manager, including but not limited to minutes of special closed session meetings of the Town Manager, Board of Selectmen, and all representatives of the Fire Department and Department of Public Safety for the Town of Dracut. Plaintiff also intends to produce all documents produced pursuant to the Automatic Disclosure Provisions of the Federal Rules of Civil Procedure.

<u>Defendants</u>:

The parties were unable to consult in order to identify agreed upon exhibits due to the ongoing discovery and delayed receipt of this Court's Pre-Trial Order received the day before the Pre-Trial Conference.

    b.    <u>Disputed Exhibits</u>

<u>Plaintiff</u>:

Plaintiff is unable to respond to this sub-section as the parties have been unable to identify Exhibits which are disputed. Plaintiff will, however, be seeking introduction of all financial records of the Town of Dracut in order to show the precise timetable of hiring of the Plaintiff and the alleged financial crisis which was stated to be the reason for the hiring freeze. Discovery is ongoing.

<u>Defendants</u>:

The Defendants may seek to admit those documents previously produced to Plaintiff pursuant to the Automatic Disclosure provisions of the Rules of Civil Procedure, to include the records maintained by the Dracut Fire Department and those maintained by the Town Manager's Office that are relevant to Plaintiff's claims.

Respectfully Submitted,

| | |
|---|---|
| The Plaintiff,<br>TRACEY DESROCHERS,<br><br>By her Attorney,<br><br>*/s/ David T. Fulmer*<br>David T. Fulmer, BBO#181330<br>576 Main Street<br>Winchester, MA 01890<br>(781) 721-2111<br>(617) 549-6970 | The Defendants,<br>DENNIS E. PIENDAK, Town Manager and LEO GAUDETTE, Fire Chief for the Town of Dracut, on behalf of the TOWN OF DRACUT<br>By their Attorneys,<br><br>PIERCE, DAVIS & PERRITANO, LLP<br><br>*/s/ John J. Cloherty III*<br>John J. Cloherty III, BBO # 566522<br>Ten Winthrop Square<br>Boston, MA  02110<br>(617) 350-0950 |

8